C. A. DAVIS, Appellee, v. J. D. GARRISON, Sheriff, et al., Appellants.

1. **Conveyance:** CONSIDERATION: EVIDENCE.  The business of an insurance agency worth two thousand dollars is a good consideration for a conveyance of real estate.

2. **Fraudulent Conveyances:** HUSBAND AND WIFE.  Where, pending foreclosure proceedings upon a mortgage, but before judgment, the mortgagor conveyed all of his property to his wife in satisfaction of his indebtedness to her, and there was no evidence of an intention on the part of the debtor to hinder or delay creditors, participated in by the wife, *held*, that the conveyance was valid as against a judgment for an unsatisfied balance of said mortgage indebtedness remaining after exhausting the mortgaged property.

3. **Judicial Sales:** ESTOPPEL.  Said conveyance to the wife being of record before the sale of the property in controversy under execution on said judgment, *held*, in an action to enjoin the issue of a sheriff's deed, that the wife was not estopped from claiming an interest in the property under said conveyance.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, MAY 21, 1892.

THIS is an action brought by the plaintiff to enjoin the defendant sheriff from executing a deed to his co-defendant on a sale of certain real estate on execution.  The trial court entered a decree for the plaintiff, from which defendants appeal.—*Affirmed.*

*L. R. Bolter & Sons* and *F. M. Dance*, for appellants.

*H. H. Roadifer*, for appellee.

KINNE, J.—The appellee was formerly the wife of one Pike, an insurance agent, residing in the city of

Missouri Valley, Iowa. Pike died in 1874, insolvent. Soon after his death his widow married F. L. Davis, her present husband. In 1887, the husband purchased of the appellant Wilson certain property, executing his note therefor, and securing the same by mortgage in which his wife joined. After the maturity of the note it was sued in the district court of Harrison county, and Davis and his wife made parties defendant. Judgment was rendered against Davis, and a decree of foreclosure entered against the mortgaged property. The mortgaged property was exhausted and there remained five hundred and seventy dollars and ninety cents of the judgment unsatisfied. A general execution was issued and levied upon the property in controversy in this action. It was sold to Wilson, one of the defendants, and a certificate of sale made to him. The real estate in controversy was in the name of F. L. Davis of record up to and after the levy was made thereon. Prior to the levy, and while the foreclosure suit was pending, F. L. Davis, the plaintiff's husband, executed and delivered to her deeds to all his property which was subject to execution, including that now in controversy. The judgment against F. L. Davis was rendered October 3, 1889. The levy was made November 19, 1889. The sale was made sometime thereafter in 1889; the exact date does not appear in the record. The appellee's deeds from her husband were executed September 7, 1889, acknowledged September 12, 1889, and recorded December 5, 1889, and, as appears, prior to the sale of the property to Wilson. In 1890 the present action was commenced to prevent the making of a deed by the sheriff to his co-defendant Wilson on the sale above mentioned. The defendants deny the plaintiff's ownership of the property in question, and aver that at the time of the levy it was the property of the husband; that the pretended conveyances from him to his wife were with-

out consideration and fraudulent; and that F. L. Davis is insolvent. They also plead that at the time of the sale of the property they had no notice or knowledge of the plaintiff's title; that the sale was made without objection on her part; and that she is estopped from claiming the property.

I. Was there any consideration for the conveyance from F. L. Davis to the plaintiff? The only consideration proven is the sale to F. L. Davis by his wife of an insurance agency and business in Missouri Valley. When the plaintiff was married to her present husband, she was the owner of an insurance business, which the evidence without conflict shows was worth two thousand dollars. She controlled several companies, and had a large number of risks on her books. This business she sold her husband for the property in controversy. The appellant's contention is that the evidence shows that the plaintiff could not transfer the right to represent the companies to her husband, and hence the sale of the agency was no consideration for the property transferred to the wife. It must be conceded that the insurance companies could appoint their own agents. But the holding of the agency of certain companies was only one element constituting the value of the business. The evidence shows that the plaintiff had a lucrative business; that she had on her books a large number of risks. The renewals of these risks and the good will of the business were items of value. How much they were worth would, of course, depend on the number and amount of the policies, the reputation and standing of the agency in the community, the population of the place, and other facts. The evidence shows that these companies represented by the plaintiff did transfer their agency from the plaintiff to her husband, after the sale before referred to was consummated. We cannot say, in view of this uncon-

tradicted testimony and the known value of such a business when well established, that there was no consideration for the conveyances to the plaintiff.

II. Having found that the conveyance was made for a valuable and sufficient consideration, the only remaining question for our determination

2. FRAUDULENT conveyances: husband and wife.

is, were the deeds fraudulent? Were the conveyances executed by F. L. Davis to the plaintiff with the design on his part to defraud his creditors, and did the plaintiff participate in such fraudulent design? The deeds were executed long prior to the rendition of the defendant Wilson's judgment, and recorded prior to the sale of the property thereunder. They were based, as we have found, on a sufficient consideration,—a consideration which arose prior to the sale by defendant Wilson of the real estate mortgaged to him to secure the indebtedness he held against F. L. Davis. At the time the plaintiff sold the insurance business to her husband, as well as at the time he executed the deeds to her, it appears that the mortgated real estate had not been sold, and there is nothing to show that she was not then justified in believing that it was ample to pay the debt it secured. Again, the debt, the balance of which is now sought to be made by sale of the real estate in controversy, was not created on the faith of this real estate being of record in F. L. Davis' name. That is apparent from the fact that Wilson took real estate security for the indebtedness at the time he extended the credit to the plaintiff's husband. The appellants contend that, when all the property of the husband is conveyed to the wife, such conveyance is void, even if no actual fraud was intended. This is, no doubt, true, when the conveyance is without consideration. If, as we hold, the plaintiff took this property in payment of a debt due her from her husband, the fact that she had knowledge of her husband's obligation to the defendant Wilson

did not, in the absence of a fraudulent intent of her husband, or of a desire on his part to hinder and delay his creditors, in which she participated, in any way affect her right to take the conveyances of the property in question. *City Bank v. Wright*, 68 Iowa, 133. We shall not attempt to refer to the evidence in detail, but from a careful examination of it we conclude that the deeds were not fraudulent as to creditors.

III. Lastly, it is insisted that the plaintiff is by her acts estopped from claiming any interest in the lands in question. The defendant Wilson pro-

3. JUDICIAL SALES: estoppel.

ceeded with his sale though the plaintiff's deeds had for some time been on record, and he is in no situation, in view of the notice imparted by the record of the deeds, to claim that by the plaintiff's acts he was led into making the costs of sale.

The judgment and decree of the district court is AFFIRMED.